UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BOBBY J. SHELBY, JR.,

Plaintiff,

v. Case No. 26-cv-1426-pp

STATE OF WISCONSIN,

Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING PLAINTIFF'S MOTION TO SUBSTITUTE PARTY (DKT. NO. 9), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE WITHOUT PREJUDICE**

---

Plaintiff Bobby J. Shelby, Jr., who is incarcerated at the Racine Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging violations of his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, resolves his motion to substitute party, dkt. no. 9, and screens his complaint, dkt. no. 1.

## I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On August 24, 2026, the court ordered the plaintiff to pay an initial partial filing fee of $43.69. Dkt. No. 5. The court received that fee on September 18, 2026. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter C'nty Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff alleges that he was the defendant in a two-day criminal jury trial in Racine County that began on June 17, 2025. Dkt. No. 1 at 2. He states that the deputies who transported him from the Racine County Jail to the courthouse handcuffed him. Id. Before entering the courtroom, the plaintiff allegedly asked the "sheriff" why he was handcuffed since he was already shackled, and the sheriff responded that he was told the keep the plaintiff handcuffed. Id. at 2-3. The plaintiff alleges that when the jurors entered the courtroom, he was seated and four or five deputies surrounded him. Id. at 3. He says that he was handcuffed to a belt around his waist and shackles on his ankles. Id. The jurors allegedly saw the plaintiff's handcuffs and shackles. Id.

The plaintiff alleges that during the trial he had difficulty taking notes because he was handcuffed. Id. A deputy allegedly had to remove the cap from the pen and help him get his pen after it fell to the floor. Id. The plaintiff states that he asked the sheriff if he could remove the handcuffs because it was hard

to take notes, but the sheriff said no. Id. The plaintiff states that the jurors saw him taking notes during the trial. Id. He asserts that he couldn't properly defend himself because of the handcuffs. Id.

The plaintiff claims that his rights under the Fifth and Fourteenth Amendments were violated because he was handcuffed during the jury trial. Id. at 5. For relief, the plaintiff seeks compensatory and punitive damages. Id. at 6.

C. Analysis

The plaintiff alleges that he was visibly restrained during his jury trial in violation of his constitutional rights. He states that his trial was unfair and that the restraints prevented him from defending himself. Wisconsin online court records show that on June 18, 2025, after a jury trial, the plaintiff was found guilty of four counts (vehicular fleeing/eluding, second-degree recklessly endangering safety and two counts of felony bail jumping) and not guilty of two counts (attempted third-degree sexual assault and a third count of felony bail jumping) and was sentenced to a term in state prison in Wisconsin v. Bobby J. Shelby, Jr., Racine County Case Number 2022CF1028 (available at wcca.wicourts.gov). The docket shows that the plaintiff currently is pursuing post-conviction remedies in state court.

The question this court must ask is whether, if it rules in the plaintiff's favor, that ruling "would necessarily imply the invalidity of his conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 487 (1994). If it would, then this court must dismiss his §1983 complaint. That is because §1983 is a statute that allows people to sue for certain, specific kinds of "torts"—personal injuries. Id. at 483 (citations omitted). The Supreme Court has held that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments . . . ." Id. at 485.

"[F]ederal law prohibits forcing a defendant in a criminal trial to appear before a jury in shackles absent extraordinary reasons." Wilber v. Thurmer, 476 F. Supp. 3d 785, 799 (E.D. Wis. 2020) (citing Deck v. Missouri, 544 U.S. 622, 629 (2005)), aff'd sub nom. Wilber v. Hepp, 16 F.4th 1232 (7th Cir. 2021). "Even when a visible restraint is warranted by the defendant's history of escape attempts or disruption of previous court proceedings, it must be the least visible secure restraint, such as, it is often suggested, leg shackles made invisible to the jury by a curtain at the defense table." Stephenson v. Wilson, 619 F.3d 664, 668-69 (7th Cir. 2010). If the court ruled in the plaintiff's favor on his §1983 claim that he was unlawfully handcuffed and shackled during his criminal jury trial, it necessarily would imply the invalidity of his conviction and sentence. See Deck, 544 U.S. at 629 ("[T]he Fifth and Fourteenth Amendments prohibit the use of physical restraints visible to the jury absent a trial court determination, in the exercise of discretion, that they are justified by a state interest specific to a particular trial.").

The plaintiff has two options available to him if he wants to challenge the validity, or the legality, of his conviction and sentence. First, he can appeal his conviction and sentence through the state court system. (As the court has observed, the state-court docket shows that he is involved in a post-conviction challenge.) Second, he can challenge the "validity of [his] confinement" by filing a petition for a writ of *habeas corpus* under 28 U.S.C. §2254. Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)).

The court will dismiss the plaintiff's complaint without prejudice. Once the plaintiff has exhausted applicable state court remedies (such as appeal), he can consider whether he wants to file a federal *habeas* petition under §2254 or

a claim for money damages under §1983. If the plaintiff decides to file a federal *habeas* petition, he will be required to demonstrate that he has "exhausted" his remedies, and he must make sure that he timely files his petition under 28 U.S.C. §2244(d). The court will mail the plaintiff a guide for unrepresented litigants—"Habeas Corpus: Answers to State Petitioners' Common Questions"—along with this order.

Finally, on November 9, 2026, the court received from the plaintiff a motion to substitute party in which he says he wants to change the name of the defendant from State of Wisconsin to Racine County Circuit Court Br. 8. Dkt. No. 9. The court's conclusion that the plaintiff's §1983 claim is Heck-barred would not change if the court granted that motion. The court will deny the plaintiff's motion.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$306.31** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at the Racine Correctional Institution, where the plaintiff is confined.

The court **DENIES** the plaintiff's motion to substitute party. Dkt. No. 9.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** because the plaintiff's claim is barred under Heck v. Humphrey, 512 U.S. 477, 487 (1994). The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing *in this court* a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court*. See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed a/another "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule

60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 17th day of November, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**